[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Karl Obermeyer, moves for summary judgment in this negligence action on the basis of General Statutes § 29-212 and the absence of a cause of action for sports related injury as enunciated by our Supreme Court in Jaworski v. Kiernan, 241 Conn. 399 (1997).
Summary judgment shall be granted if the pleadings and documentary proof submitted demonstrate that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law, Practice Book § 17-49.
For purposes of this motion, there is no dispute concerning the following facts. On January 23, 1997, the primary plaintiff, William Hopkins, was a skier giving skung lessons on a slope at the Ski Sundown ski resort, his employer. At that time another skier, the defendant, attempted a ski jump and collided with Hopkins, causing him serious injuries. Ski Sundown, Inc., has intervened to recoup worker's compensation payments arising from Hopkins' injuries.
The defendant first argues that Hopkins cannot recover against him CT Page 363 because under § 29-212 each skier must bear the risk and legal responsibility for their own injuries despite the negligence of the other skier. Section 29-212 states:
 "Each skier shall assume the risk of and legal responsibility for any injury to his person or property arising out of the hazards inherent in the sport of skiing, unless the injury was proximately caused by the negligent operation of the ski area by the ski area operator, his agents or employees. Such hazards include, but are not limited to: (1) Variations in the terrain of the trail or slope which is marked in accordance with subdivision (3) of section 29-211 or variations in surface or subsurface snow or ice conditions, except that no skier assumes the risk of variations which are caused by the operator unless such variations are caused by snow making, snow grooming or rescue operations; (2) bare spots which do not require the closing of the trail or slope; (3) conspicuously marked lift towers; (4) trees or other objects not within the confines of the trail or slope; (5) boarding a passenger tramway without prior knowledge of proper loading and unloading procedures or without reading instructions concerning loading and unloading posted at the base of such passenger tramway or without asking for such instructions; and (6) collisions with any other person by any skier while skiing."
The plaintiffs counter that § 29-212 was meant to bar suits against ski area operators only. They argue that this provision cannot be used as a shield against liability by one skier who negligently harms another.
The parties agree, and the court concurs, that § 29-212 is ambiguous with respect to its reach. Portions of the statute seem to support one position or the other. The opening sentence speaks broadly of "each skier" assuming legal responsibility for skiing's inherent dangers. But that provision contains an exception which pertains to the "negligent operation of the ski area." Of the six hazards specifically recognized as inherent to skiing, the first five pertain to ski area conditions. Only the sixth, which is the pertinent hazard in the present case, refers to conduct of persons besides ski area operators. The text of § 29-212 lacks any explicit reference to the type of case to which it applies.
In construing the language of ambiguous statutes, the court is CT Page 364 permitted to consider along with that language, the purpose of the law, its legislative history, and the circumstances surrounding its enactment, State v. O'Neil, 65 Conn. App. 145, 160 (2001). Section 29-212
has its root in section 3 of P.A. 79-629. That public act spawned what is now codified as General Statutes §§ 29-211 through 29-214. These statutes relate to skiers, skiing, and ski area operations.
While the legislative debate preceding passage of P.A. 79-629 contains several references to ski area operators and the desire to minimize the insurance costs related to such operations, nothing in that debate expressed an intent to limit section 3, now § 29-212, to lawsuits against ski area operators. All of the sections of P.A. 79-629 must be read in conjunction with each other. Particularly illuminating is the comparison of section 3 with section 5, now § 29-214. That section is entitled "Special defense to civil action against operator by skier" (emphasis added). That section acknowledges six special defenses "to any civil action against an operator by a skier." (emphasis added). Obviously, the legislature recognized the need to define the set of cases to which section 5 applied and knew how to do so clearly and expressly.
In contrast, section 3 of P.A. 79-629, now § 29-212, contains no such language restricting its use to lawsuits against ski area operators. The presence of such explicit language in section 5, now §29-214, and absence in section 3, now § 29-212, both created by passage of the same bill, strongly implies that, unlike § 29-214, § 29-212 has general application.
The legislative debate supports this implication. At the June 4, 1979, hearing before the House of Representatives, Rep. Bames inquired as to the distinctions between these two sections of P.A. 79-629. In reply, Rep. Onorato indicated that section 5, now § 29-214, contained a comparative negligence provision which was omitted from section 3, §29-212. He states, "In section 3, collision with any person by another skier, they would be prohibited from collecting. That's another risk inherent in the sport of skiing." (emphasis added).
Based on the legislative history surrounding § 29-212 and its sibling statutes, the court concludes that § 29-212 eliminates any cause of action for negligence by one skier against another for injuries sustained through their collision. The defendant is entitled to judgment on this ground as a matter of law. It is, therefore, unnecessary for the court to decide whether the rule of Jaworski v. Kiernan, supra, ought to be extended to the noncompetitive sport of skiing.
Summary judgment may enter for the defendant. CT Page 365
Sferrazza, Judge.